UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIC INSURANCE COMPANY,

    Plaintiff,

Case No. 06-14036

Honorable Nancy G. Edmunds

v.

SIMON GALASSO & FRANTZ, PLC and
RAYMOND M. GALASSO,

    Defendants.
_____/

**ORDER (1) GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT [12], (2) DENYING DEFENDANTS' MOTION TO DISMISS AND/OR CHANGE VENUE [10], AND (3) GRANTING DEFENDANTS' REQUEST FOR ADDITIONAL TIME TO FILE RESPONSIVE PLEADINGS**

Pending before this Court is Defendant Simon Galasso & Frantz, PLC ("the Firm") and Defendant Raymond M. Galasso's ("Galasso's") Motion to Set Aside the Default entered by the clerk on November 28, 2006, and Defendants' Motion to Dismiss and/or for Change of Venue filed on November 28, 2006.[1]  The Firm and Galasso are collectively referred to as Defendants.  Plaintiff NIC Insurance Company ("NIC") brought suit against Defendants seeking declaratory judgment as to the parties' respective rights and obligations under Lawyers Professional Liability Policy No. NY05LPL079774NC issued by Plaintiff to the Firm.

Defendants argue that (1) they are able to establish "good cause," and thus default

---

[1]Although not before the Court at this time, Plaintiff filed a Motion for Default Judgment, or in the alternative, for Summary Judgment [13] on December 29, 2006.

1

should be set aside, (2) this case should be transferred due to forum non conveniens, and, alternatively, (3) this case should be dismissed in accordance with the first-to-file rule. For the reasons set forth below, the Court (1) GRANTS Defendants' motion to set aside default (2) DENIES Defendants' motion to dismiss and/or change venue, and (3) GRANTS Defendants' request for additional time to file responsive pleadings.

**I. FACTS**

Defendant Simon Galasso & Frantz, PLC is a law firm doing business in Michigan and Texas. Defendant Raymond M. Galasso is an attorney at the Firm. This case involves whether underlying claims asserted against the Firm and Galasso are covered under the Lawyers Professional Liability Policy (the "NIC policy") issued by Plaintiff NIC. (Pl.'s Resp. to Default at 1.)[2]

On July 24, 2006, Defendants filed a separate lawsuit in the District Court of Travis County, Texas against Massachusetts Bay Insurance Company (the "Texas case") seeking insurance coverage for the same claim which underlies the matter before this Court. (Pl.'s Resp. to Venue at 2.) The Texas case was removed to the Western District of Texas on August 23, 2006. (Defs.' Venue Mot. ¶2.) NIC was not named as a party in the Texas Complaint. (Pl.'s Resp. to Venue at 3.)

---

[2]In effort to conserve space and avoid confusion, the following abbreviations will be used with respect to the motions:
 (1) Plaintiff's Response to Motion to Set Aside Entry of Default is "Pl.'s Resp. to Default"
 (2) Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and/or Change Venue is "Pl.'s Resp. to Venue"
 (3) Defendants' Motion to Dismiss and/or for Change of Venue is "Defs.' Venue Mot."
 (4) Defendants Motion to Set Aside Entry of Default is "Defs.' Default Mot."

Here, the original Complaint was filed on September 13, 2006 and Plaintiff filed an Amended Complaint, pursuant to this Court's order, on October 25, 2006.[3]  (*Id.*)  Thus, Defendants' response to the Amended Complaint was due November 15, 2006.  *(Id.)* Defendants did not, however, file a response to either the Complaint or the Amended Complaint.  Instead, on November 21, 2006, Defendants filed a motion in the Texas case to amend their complaint in that action, in order to join NIC as a defendant.  (*Id.* at 4.)

On November 28, 2006, two motions were filed with this Court.  First, Plaintiff filed a Notice of Entry of Default, and default was then entered by the clerk of this Court.  Second, a few hours after the clerk entered the default, Defendants filed the instant Motion to Dismiss and/or for Change of Venue.  The five paragraph motion was accompanied by a one sentence brief.  Thereafter, Plaintiff filed a response on December 14, 2006, asserting that Defendants' motion should be denied because Defendants are in default and had not yet moved to set aside the default.  (Pl.'s Resp. to Venue at 5.)  A motion to set aside the entry of default was filed with this Court the following day.

## II. STANDARDS OF REVIEW

### A. Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ."  In making the determination of good cause under Rule 55(c), a court must consider three factors:

---

[3]Hereafter, any mention of the Complaint refers to the Amended Complaint.

3

    1) Whether the plaintiff will be prejudiced;
    2) Whether the defendant has a meritorious defense; and
    3) Whether culpable conduct of the defendant led to the default

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844-845 (6th Cir. 1989).

According to Rule 55(c), the decision whether to set aside an entry of default is discretionary. *Shepard Claims Service, Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir. 1986). That said, federal courts strongly favor trials on the merits. *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir. 1990). Additionally, the Sixth Circuit has applied a "somewhat more lenient standard" to "Rule 55(c) motions where there has only been an entry of default, than to Rule 60(b) motions where judgment has been entered." *Shepard Claims Service,* 796 F.2d at 193. Even in Rule 60(b) cases, where a more stringent standard applies, the Sixth Circuit has stated that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter,* 705 F.2d at 846 (internal citations omitted).

**B. Motion for Change of Venue**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The district court deciding a § 1404(a) motion to transfer "has broad discretion to grant or deny" that motion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quote and citation omitted). The Court must determine whether (1) "the action could have been brought in the proposed transferee district," (2) "a transfer would promote the interests of justice," and (3) "a transfer would serve the parties' and witnesses' convenience."

4

*Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003). It is the moving party's burden to show that §1404(a)'s requirements are satisfied. *Id.*

Factors guiding the Court's decision as to transfer include:

(1) the convenience of witnesses; (2) the location of relevant documents and relevant relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (internal quote and citation omitted).

## III. ANALYSIS

### A. Defendants' Motion to Set Aside Entry of Default

The clerk's entry of default was entered against Defendants on November 28, 2006, but the default has not been reduced to judgment. The court may set aside an entry of default under Rule 55(c), for "good cause" shown. Here, Defendants argue that they are able to establish good cause for the delay. Alternatively, Plaintiff asserts that Defendants have not met the requisite standard of good cause because (1) Defendants failed to provide a meritorious defense to the Complaint and (2) Defendants' failure to file a timely responsive pleading was wilful and culpable.

#### 1. Plaintiff Has Not Shown Prejudice

A plaintiff must point to something more than mere delay in order to establish prejudice. *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996). Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 433-34.

Plaintiff has not shown that it will suffer any prejudice if the default is set aside. Plaintiff simply concludes that it would be prejudiced, but does not offer any evidence in support of this argument. The slight delay that has resulted from Defendants' failure to timely answer the Complaint is not enough to establish that Plaintiff will be prejudiced, especially with the absence of any other allegation of prejudice.

### 2. Defendants Have Asserted a Meritorious Defense

A defendant must state "a defense good at law" in order to establish a meritorious defense. *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 398-99 (6th Cir. 1987). The asserted meritorious defense is sufficient so long as it contains "'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.* Further, a defendant need not demonstrate a likelihood of success on the merits. *Berthelsen*, 907 F.2d. at 621-22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group,* 815 F.2d at 398.

Plaintiff claims that the NIC policy clearly and unambiguously excludes coverage for the underlying action. (Pl.'s Resp. to Default at 5.) Therefore, Plaintiff argues that it does not have an obligation to defend or indemnify Defendants in the underlying claim (*Id.*) In Defendants' motion to set aside default, however, Defendants state that Plaintiff does have a duty to defend or indemnify them because (1) at least some of the allegations in the underlying case involve activities that would fall within the coverage afforded by the disputed policy, (2) the policy exclusions do not apply and (3) the language of the exclusions is ambiguous. (Defs.' Default Mot. ¶¶ 15,16.) Resolving these disputed facts in the light most favorable to Defendants, they meet the threshold

6

for establishing a meritorious defense.

### 3.  Defendants' Conduct Was Not Culpable

A court must consider all three factors when ruling on a motion to set aside entry of default.  *Shepard Claims Service,* 796 F.2d at 194.  That said, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead."  *Id.*  In other words, when a defendant has established that the first two factors weigh in its favor, the defendant's conduct must be "particularly culpable" in order to "outweigh those two factors and tip the balance toward denial of relief."  *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir. 1992).  Thus, the Sixth Circuit has held that a defendant's conduct will be treated as culpable only if the defendant displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Shepard Claims Service,* 796 F.2d at 194.

Here, Plaintiff argues that defense counsel's conduct meets the standard set forth above.  As factors supporting this assertion, Plaintiff notes that Defendants (1) resisted service of the original Complaint, and (2) requested additional time to respond, but then failed to file a responsive pleading altogether.  (Pl.'s Resp. to Default at 3-4.)  Defendants assert that the failure to timely file a responsive pleading was due to their belief that they should wait until the Texas court allowed Defendants to add Plaintiff as an additional party in the Texas case before filing a response here.

Plaintiff's claim that Defendants' resistance of service is evidence of culpability is without merit, however, as the Sixth Circuit has held that even when a defendant

willingly evades service of process, a default may be set aside.  *See Berthelsen,* 907 F.2d at 622 (holding that although the defendant willfully evaded service, the entry of default should be set aside because the plaintiff would not be prejudiced and the defendant had a meritorious defense).

Plaintiff's alternative argument that Defendants' conduct is culpable because Defendants neglected to file a responsive pleading, even after being granted additional time to do so, fares no better.  Defendants' proffered explanation for their failure to file a responsive pleading is that they believed that they should wait for Plaintiff to be added to the Texas case prior to responding here.  Defendants' explanation is not the most persuasive, but, according to the Sixth Circuit, it is not necessary that the defendant be able to offer a strong explanation in order to refute culpability.  The Sixth Circuit has stated that

> [w]hen the issue is one of whether to set aside an entry of default so that the 'good cause' standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable [in order for the court to set aside a default].

*Shepard Claims Service,* 796 F.2d at 194.  Thus, despite the relative weakness of Defendants' argument regarding their failure to answer the amended complaint, the high standard for culpability has not been met in this case.

Defendants have met the good cause standard required to set aside the default. Namely, Plaintiff will not suffer prejudice, Defendants have asserted a meritorious defense, and Defendants' conduct does not meet the standard for culpable behavior. Further, Defendants would be deprived of the opportunity to have their case considered on the merits if default is not set aside.  Accordingly, the Court GRANTS Defendants'

8

motion to set aside the clerk's entry of default.[4]

### B. Motion for Change of Venue

#### 1. Forum Non Conveniens

Defendants request that venue be transferred to the United States District Court for the Western District of Texas based upon forum non conveniens. However, as Plaintiff correctly asserts, 28 U.S.C. §1404(a) has superseded the common law doctrine of forum non conveniens. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 722 (1996). Today, federal courts continue to recognize the dismissal power of forum non conveniens only in "cases where the alternative forum is abroad." *Id.* (*quoting Am. Dredging Co. v. Miller,* 510 U.S. 706, 722 (1996)). Since this case does not involve an alternative forum abroad, Defendants' argument for a change of venue on this ground is without merit.

#### 2. 28 U.S.C. § 1404(a)

For the sake of argument, this Court will assume that Defendants intended to argue for a change of venue under 28 U.S.C. § 1404(a). Regardless, Defendants' motion still fails on this alternate ground.

The moving party has the burden of showing that the requirements of § 1404(a) have been satisfied. *Id.* Here, Defendants have not met this burden. First, Defendants' one sentence brief lacks any substantive argument pertaining to the facts and circumstances of this case. Second, although Defendants' motion states "virtually all of the witness, documents and evidence in ths case are located in *either* Austin, Texas or

---

[4] Plaintiff's pending motion for default judgment is hereby moot and shall continue solely as a motion for summary judgment. (Docket No. 13.)

Phoenix, Arizona," (Defs.' Venue Mot. ¶5) (emphasis added) Defendants fail to elaborate upon the relevant proportionality of witnesses and documents that are located in Texas as opposed to Arizona.  Therefore, Defendants have not met their burden of showing that transferring this case to Texas would actually convenience the witnesses or offer ease of access to proof.  Third, despite Defendants' assertion that "the transaction giving rise to the issues in this lawsuit arose almost entirely in the State of Texas," Defendants neglect to offer any proof of the accuracy of this statement.  (Defs.' Venue Mot. ¶5.)

Plaintiff, on the other hand, points to numerous facts that support Michigan as the proper venue for this case.  Namely, the Firm's main office is located in Michigan,  the insurance policy in question was issued in Michigan to that office, and although the policy does not have a choice of law clause, it appears that Michigan law would govern here. *See Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 528 N.W.2d 698, 701-02 (Mich. 1995) and *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).  Therefore, Defendants have not met their burden of proof, and the Court DENIES Defendants' motion to transfer venue under 1404(a).

### C.  Motion to Dismiss Under the First-to-File Rule

Defendants also argue that this suit should be dismissed in favor of the Texas case based upon the first-to-file rule.  This rule provides that, among federal courts of equal rank, "when two lawsuits involve substantially the same parties and purpose, the court where the first suit is filed should proceed to judgment." *Albie's Foods, Inc. v. Menusaver,* 170 F. Supp. 2d 736, 739 (E.D. Mich. 2001).  Application of this rule,

10

however, is not mechanical. *Id.* Namely, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.,* 16 F. App'x 433, 437 (6th Cir. 2001). Factors weighing against enforcement of this rule are bad faith, anticipatory suits, extraordinary circumstances, inequitable conduct, and form shopping. *Id.* at 437 *(citing Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991)).

In support of their argument that the first-to-file rule applies, Defendants conclusively assert that the Texas case "arises out of the same facts, transaction and occurrence made the basis of this lawsuit" and that it was the first to be filed since the Texas case was filed on June 24, 2006, while the Plaintiff did not file the instant case until September 13, 2006. (Defs.' Venue Mot. ¶4.) Plaintiff does not dispute that the two cases involve substantially the same parties and purpose, but does argue that the Texas action was not the first to be filed. Plaintiff asserts that this Court was first to obtain jurisdiction over "these parties with respect to these claims," as Plaintiff only became a party to the Texas case when Defendants amended their complaint to include Plaintiff as a party on December 11, 2006.[5] (Pl.'s Resp. to Venue at 6.)

When applying the first-to-file rule, the general standard for purposes of establishing chronology of the cases is that the appropriate date of reference is the date that the "party filed its original, rather than its amended complaint." *Ward v. Follett*

---

[5]Plaintiff's motion references the December 6, 2006 date of the Texas court's order granting leave to amend rather than the December 11, 2006 filing date of the amended complaint.

11

*Corp.,* 158 F.R.D. 645, 648 (N.D. Cal. 1994).[6]  In those cases, however, the amendments to the complaint merely added additional claims against *existing parties*. Here, on the other hand, Plaintiff was not originally a party to the Texas case.  In fact, Plaintiff was not made a party to the Texas case until December 11, 2006, nearly three months after the instant case was filed.  Therefore, this Court declines to apply the general chronology rule in first-to-file cases, and holds that the relevant filing dates are September 13, 2006, the date of Plaintiff's original Complaint in this case, and December 11, 2006, the date of Defendants' amended complaint in the Texas case.  Thus framed, Plaintiff's lawsuit before this Court was the first to be filed and this Court is the proper one to hear the case under the first-to-file rule.  Therefore, the Court DENIES Defendants' motion to dismiss.

### D.  Defendants' Request for Additional Time to File Responsive Pleadings

Defendants' request for additional time to file an answer to the Amended Complaint and to file a response to Plaintiff's motion for summary judgment is GRANTED.  These responsive pleadings are due no later than 4 p.m. on February 26, 2007.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to set aside the default is GRANTED, Defendants' motion to dismiss and/or for change of venue is DENIED, and

---

[6] *See also Mattel, Inc. v. Louis Marx & Co. Inc,* 353 F.2d 421, 424 (2nd Cir. 1965), *Plating Resources, Inc. v. UTI Corp.* 47 F. Supp. 2d 899, 904 *(*N.D. Ohio*,* 1999)*, Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.,* 87 F.R.D. 398, 401-04 (W.D.N.Y 1980), *Ainsworth v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 298 F. Supp. 479, 480 (W.D. Okl. 1969).

Defendants' request for additional time to file responsive pleadings is GRANTED.

    SO ORDERED.

                                    s/Nancy G. Edmunds  
                                    Nancy G. Edmunds  
                                    United States District Judge

Dated: February 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2007, by electronic and/or ordinary mail.

                                    s/Carol A. Hemeyer  
                                    Case Manager